

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0210-09

---

### KELVIN KIANTA BROOKS, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S AND STATE'S
### PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### MCLENNAN COUNTY

---

**COCHRAN, J., filed a concurring opinion in which WOMACK, J., joined.**

### OPINION

I adhere to my view that the 1996 judicial creation of the "*Clewis*[1] factual-sufficiency

review was a well-intentioned but ultimately unworkable effort to incorporate civil standards

of review on elements of a crime that must be proven beyond a reasonable doubt."[2]

---

[1] *Clewis v. State*, 922 S.W.2d 126 (1996).

[2] *Watson v. State*, 204 S.W.3d 404, 421 (Tex. Crim. App. 2006) (Cochran, J., dissenting).

I.

**A.     The Evidence in This Case Either Is or Is Not Legally Sufficient to Support a Conviction.**

The evidence in this case is either sufficient to support appellant's conviction under the constitutionally-mandated *Jackson*[3] standard or it is not.  It cannot be "semi-sufficient."

Appellant was charged with possession of cocaine with the intent to distribute it.  At trial, he denied that the baggie containing 4.72 grams of cocaine and five ecstacy pills found in the pool table pocket return was his, although he admitted ownership of the baggie of marijuana that he tossed under that pool table.  On appeal, he argued that the evidence was both legally and factually insufficient to prove that he possessed the cocaine with the intent to distribute it.  The court of appeals found that the evidence was legally sufficient to support a finding, beyond a reasonable doubt, that appellant possessed the cocaine with the intent to distribute it.  In doing so, it relied on a list of seven facts, beyond the mere amount of cocaine, that supported the jury's guilty verdict.[4]  But then, in finding the evidence factually

---

[3] *Jackson v. Virginia*, 443 U.S. 307 (1979).

[4] *Brooks v. State*, No. 10-07-00309-CR, 2008 Tex. App. LEXIS 7364 at *12 (Tex. App.—Waco 2008). The majority opinion in the court of appeals noted these additional facts:
  (1)     both the bag of marihuana and the bag of cocaine were packaged in the same manner;
  (2)     [appellant] was not in possession of any drug paraphernalia for either use or sale;
  (3)     [the State's DEA expert] testified that users typically carry some type of heating element, such as a crack pipe, but dealers do not;
  (4)     at the time of his arrest, [appellant] was not under the influence of a narcotic;
  (5)     [appellant] has a previous conviction for possession with intent to deliver;
  (6)     [appellant] attempted to evade capture and discarded contraband in the process; and
  (7)     [appellant] was found in possession of three different types of drugs.

insufficient to support a finding of intent to distribute, the majority set out a totally different list of facts that the record did not show: There was no evidence that (1) appellant was in a high crime area; (2) the cocaine was packaged especially for sale; (3) he was carrying a large amount of cash; or (4) he had drug-dealing paraphernalia on him.[5] The court used positive inferences for legal sufficiency (what the evidence did show) and then negative inferences for factual sufficiency (what the evidence did not show).

I agree that this is a close call on legal sufficiency, but I do not see how "missing" facts can transform the purportedly legally sufficient evidence into factually insufficient evidence.  There is no higher standard than "proof beyond a reasonable doubt."  If the evidence meets that standard, how can it fall short using a lower standard?  Indeed, the Waco Court of Appeals may have had second thoughts itself about this question because it held, in a subsequent (but almost identical) case, that the evidence was factually and legally sufficient.[6]  If nothing else, these two cases demonstrate that the *Clewis* factual sufficiency

_____

*Id.*  The majority did not analyze the probative value of these facts to establish appellant's intent or discuss what legitimate inferences, if any, might be drawn from them.  It did not explain why the evidence was legally sufficient when it announced its conclusion.

[5] *Id.* at *13.  Chief Justice Gray dissented, noting that the majority failed to acknowledge that there was "more evidence of intent to deliver than merely the amount of cocaine." *Id.* at *19 (Gray, C.J., dissenting).  He also noted that the majority did not "detail the evidence and clearly state why the evidence that is legally sufficient is nevertheless factually insufficient." *Id.* at *20.

[6] *Guyton v. State*, No. 10-07-00070-CR, 2009 Tex. App. LEXIS 839 (Tex. App.—Waco, Feb. 6, 2009, pet. ref'd) (not designated for publication).  In *Guyton*, the court of appeals originally reversed the conviction due to factual insufficiency, but, once the State filed a PDR, it reconsidered and held that the evidence was both legally and factually sufficient to support the defendant's conviction for possession of .40 grams of cocaine with the intent to distribute it. *Id.* at *9-13.

review has led to random, inconsistent results, based primarily on "the luck of the draw."[7]

This doctrine is not based on a sound logical or historical foundation, and it serves only to

muddle criminal law.  It should be overturned.

**B.      Both Parties Agree That the Proper Issue Is Legal Sufficiency of the Evidence.**

Fittingly, both appellant and the State agree that the proper issue in cases such as this

is whether the evidence is *legally* sufficient.  The State argues in its Petition for Discretionary

Review, "Evidence that is factually insufficient due to its inherent weakness should always

be legally insufficient; either the evidence is such that a rational juror could convict upon it

or it is not, regardless of the light in which it is viewed."[8]  Appellant "suggests that in this

situation (i.e. a question of intent), if the evidence is factually insufficient it must also be

legally insufficient."[9]     They    are    both    correct:    There    is    no    "semi-

---

[7] *See Watson*, 204 S.W.3d at 426 (Cochran, J., dissenting).

[8] State's Petition for Discretionary Review at 9.

[9] Appellant's Petition for Discretionary Review at 6.  Appellant relies on several
analogous federal cases in which the courts held that the evidence was legally insufficient to
support a finding of "intent to distribute" a controlled substance that the defendant admittedly
possessed.  In these cases, the inference of intent to distribute was not a reasonable one given the
paucity of circumstantial evidence.
As appellant notes, the legal sufficiency standard of review is that required by the United
States Constitution as set out in *Jackson v. Virginia*.  That same standard is applied in every state
and federal jurisdiction in America.  It applies to all criminal convictions regardless of the type or
degree of crime.  This application of a single, constitutionally-mandated standard has led to the
creation of an enormous body of "sufficiency of evidence" law and precedent across America
that any judge or lawyer may easily access and apply to any given conviction here in Texas.  It is
a coherent body of law.  It is objective and intellectually rigorous.  It sets out appellate
presumptions, permissible inferences, and specific criteria to use when assessing the legal
sufficiency of the evidence.  It does not rely upon subjective notions of "shocking the
conscience" of individual appellate judges, striking them as "manifestly unjust," or seeming just

sufficient" standard of review.

## II.

## A.     Logic Requires a Single Standard of Sufficiency Review in Criminal Cases.

I have already set out my concerns about the intellectual legitimacy, historical authenticity, and appropriateness of the *Clewis* factual sufficiency review in Texas.[10] I now focus only upon the most important reason to overrule *Clewis*: Logic.

The attempt to impose Texas civil standards of a second-round factual sufficiency review is logically incompatible with the constitutionally mandated legal sufficiency review of criminal convictions that requires the State to prove all elements of a crime beyond a reasonable doubt. Piling a factual sufficiency standard of review that was developed for civil trials employing a preponderance-of-the-evidence standard of proof atop a legal sufficiency standard of review that was developed for criminal trials employing a beyond-a-reasonable-doubt standard of proof does not work. That is why this Court has so frequently tinkered with the *Clewis* formulation, and why we have always been unsuccessful.

The *Clewis* doctrine of re-reviewing the sufficiency of the evidence after the appellate court has already held that the evidence satisfies the highest standard of proof possible–beyond a reasonable doubt–to decide if it is nonetheless factually sufficient is internally inconsistent. If the evidence suffices to prove guilt beyond a reasonable doubt, and

plain "wrong."

[10] *See Watson*, 204 S.W.3d at 421-26.

it supports a rational, reasonable verdict, as required under *Jackson*, that evidence cannot logically be so lacking in probative value as to make the jury's verdict "manifestly unjust" under the vague and subjective civil-law factual-sufficiency standard. To declare the evidence factually insufficient necessarily turns an appellate judge, viewing only the cold written record, into a self-appointed thirteenth juror with absolute veto power over the twelve citizens who actually saw the witnesses, heard the evidence, and reached a rational, reasonable verdict. The United States Supreme Court recognized this in *Tibbs v. Florida*,[11] as did the Florida Supreme Court when it judicially jettisoned factual-sufficiency review in that same case.[12]

## B.     Legally Sufficient Evidence in a Criminal Trial.

For more than 150 years, Texas appellate courts reviewed the sufficiency of the evidence in Texas criminal cases under a single standard (although the precise wording varied), taking into account both the facts that were proven at trial and the law applicable to

---

[11] 457 U.S. 31, 42 (1982) (stating that an appellate reversal for factually insufficiency, "unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict. Instead, the appellate court sits as a 'thirteenth juror' and disagrees with the jury's resolution of the conflicting testimony. This difference of opinion no more signifies acquittal than does a disagreement among the jurors themselves. . . . [A]n appellate court's disagreement with the jurors' weighing of the evidence does not require the special deference accorded verdicts of acquittal.").

[12] *Tibbs v. State*, 397 So.2d 1120, 1123 (Fla. 1981) (rejecting its former factual sufficiency review because "the concern on appeal must be whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment. Legal sufficiency alone, as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.") (footnote omitted).

the particular offense.[13]  This Court (and the intermediate courts of appeals once they were given jurisdiction over the direct appeal of criminal cases in 1981) reviewed the facts proven in the light most favorable to the verdict, giving great deference to the jury's credibility and weight determinations.  But we did not hesitate to reverse a conviction if the evidence failed to prove a defendant's guilt "with reasonable certainty," or "beyond a reasonable doubt."[14]  There were never two distinct "sufficiency of the evidence" hurdles in Texas criminal appellate review.[15]

1.     *The constitutionally required* Jackson *standard.*

In 1979, the United States Supreme Court delivered its opinion in *Jackson v. Virginia*,[16] and set the national standard for review of the sufficiency of evidence under the Due Process Clause of the federal constitution.  In all criminal trials, state and federal, the government must produce "sufficient evidence to justify a rational trier of the facts to find guilt beyond a reasonable doubt."[17]  The Court explicitly rejected the "no evidence" standard

---

[13] *See Watson*, 204 S.W.3d at 424-26 (Cochran, J., dissenting) (discussing the history of appellate review of sufficiency of the evidence in Texas).

[14] *Id.*

[15]*Id.* at 426 (collecting and discussing Texas criminal cases from 1841 forward and concluding, "Until *Clewis* in 1996, this Court had consistently used a single standard (although the precise phrasing varied) and reviewed the evidence in the light most favorable to the factfinder, giving great deference to the jury's credibility and weight determinations.").

[16] 443 U.S. 307 (1979).

[17] *Id.* at 312-13.

of review that it had applied nineteen years earlier in *Thompson v. Louisville*.[18]

In *Jackson*, the Court explained that the *Thompson* "no evidence" review "secures to an accused the most elemental of due process rights: freedom from a wholly arbitrary deprivation of liberty[,]"[19] but that standard is inadequate for "a question of evidentiary 'sufficiency.'"[20]  Instead, the correct standard must incorporate the prosecution's burden of proof–beyond a reasonable doubt–in a due-process review.  The Court noted that a "'reasonable doubt' has often been described as one 'based on reason which arises from the evidence or lack of evidence.'"[21]

A reasonable doubt might arise because the verdict is manifestly against the great weight and preponderance of the credible evidence or because there is nothing more than a mere scintilla of evidence to support some element of the offense.  But, of course, the reviewing court does not "ask itself whether *it* believes that the evidence at the trial

---

[18] 362 U.S. 199, 199 (1960) (stating that the "ultimate question presented to us is whether the charges against petitioner were so totally devoid of evidentiary support as to render his conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment. Decision of this question turns not on the sufficiency of the evidence, but on whether this conviction rests upon any evidence at all.").

[19] *Jackson*, 443 U.S. at 314.

[20] *Id.*  The Supreme Court explained that a "no evidence" standard does not "protect against misapplications of the constitutional standard of reasonable doubt" because a "no evidence" standard is satisfied by a "mere modicum" of evidence.  "But it could not seriously be argued that such a 'modicum' of evidence could by itself rationally support a conviction beyond a reasonable doubt."  *Id.* at 320.  Under a "no evidence" standard, a reviewing court would affirm the judgment if any evidence supported the conviction. *See Gollihar v. State*, 46 S.W.3d 243, 246 n. 3 (Tex. Crim. App. 2001) (citing *Thompson*, 362 U.S. at 199).

[21] *Id.* at 318 n.9.

established guilt beyond a reasonable doubt."[22]   Rather, it must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[23]  Thus, "*all of the evidence* is to be considered in the light most favorable to the prosecution" because the reviewing court may impinge upon "'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law."[24]

Therefore, after 1979, Texas courts were prohibited from applying a "no evidence" standard of review to a legal-sufficiency challenge because that standard affords "inadequate protection against potential misapplication of the reasonable-doubt standard" in criminal cases.[25]  In 1989, we explained, "Adherence to the no evidence standard is now, and has been for the last decade, expressly forbidden by *Jackson*.  It is no longer permissible to merely quote the *Jackson* standard and then to turn around and apply the *Thompson* no evidence standard as we have historically done."[26]

2.    *Legal sufficiency in criminal cases is judged by the quality, not the quantity, of evidence supporting the accuracy of the verdict.*

Legal sufficiency of the evidence is a test of adequacy, not mere quantity.  Sufficient

---

[22] *Id.* at 318-19 (citation omitted).

[23] *Id.* at 319.

[24] *Id.*

[25] *Gollihar v. State*, 46 S.W.3d 243, 246 n. 4 (Tex. Crim. App. 2001).

[26] *Butler v. State*, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989) (en banc), *overruled on other grounds by Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991).

evidence is "such evidence, in character, weight, or amount, as will legally justify the judicial or official action demanded."[27]  In criminal cases, only that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction. There is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*.  All civil burdens of proof and standards of appellate review are lesser standards than that mandated by *Jackson*.

Indeed, the Supreme Court explicitly held in *In re Winship*,[28] that a juvenile could not constitutionally be adjudicated under the civil standards of proof (or appellate review) of preponderance of the evidence.[29]  The Court noted that "'the preponderance test is susceptible to the misinterpretation that it calls on the trier of fact merely to perform an abstract weighing of the evidence in order to determine which side has produced the greater quantum, without regard to its effect in convincing his mind of the truth of the proposition asserted.'"[30]

As Justice Harlan explained in his *Winship* concurrence, although "the phrases 'preponderance of the evidence' and 'proof beyond a reasonable doubt' are quantitatively

---

[27] Black's Law Dictionary 1285 (5th ed. 1979).

[28] 397 U.S. 358 (1970).

[29] *Id.* at 368.

[30] *Id.* at 367-68 (quoting Dorsen & Resneck, *In Re Gault and the Future of Juvenile Law*, 1 Fam. L. Quarterly No. 4, 26-27 (1967)) (rejecting the lower court's suggestion that there is only a "'tenuous difference'" between the reasonable-doubt and preponderance standards).

imprecise, they do communicate to the finder of fact different notions concerning the degree of confidence he is expected to have in the correctness of his factual conclusions."[31] Justice Harlan noted that "[t]he preponderance test has been criticized, justifiably in my view, when it is read as asking the trier of fact to weigh in some objective sense the quantity of evidence submitted by each side rather than asking him to decide what he believes most probably happened."[32] Indeed, that is precisely why the standard of proof and review in criminal cases has been expressed, not by the quantity of evidence produced or how it might be weighed when viewed neutrally, but rather by the quality of the evidence and the level of certainty it engenders in the factfinder's mind.

Legal sufficiency of the evidence in a criminal proceeding may be divided into two zones: evidence of such sufficient strength, character, and credibility to engender certainty beyond a reasonable doubt in the reasonable factfinder's mind and evidence that lacks that strength.[33] Appellate review of a jury's verdict of criminal conviction focuses solely on that

---

[31] *Id.* at 370 (Harlan, J., concurring).

[32] *Id.* at 371 n.3 (citing J. MAGUIRE, EVIDENCE, COMMON SENSE AND COMMON LAW 180 (1947)).

[33] That does not mean, of course, that every factfinder or every appellate judge need agree that the evidence in a particular case is legally sufficient. As the Supreme Court explained in *Johnson v. Louisiana*, 406 U.S. 356 (1972):

> In our view disagreement of three jurors does not alone establish reasonable doubt, particularly when such a heavy majority of the jury, after having considered the dissenters' views, remains convinced of guilt. That rational men disagree is not in itself equivalent to a failure of proof by the State, nor does it indicate infidelity to the reasonable-doubt standard. Jury verdicts finding guilt beyond a reasonable doubt are regularly sustained even though the evidence was such that the jury would have been justified in having a reasonable doubt, even though the

"either-or" character of evidentiary sufficiency because a defendant is entitled to an acquittal if the evidence lacks that strength.

## C.     Texas Civil Standards of Review.

Texas is considered a "hold-out" state by having a two-tiered standard of appellate review for civil cases, although commentators state that "recent decisions hint that there is support for assimilation into the single standard of review used in most jurisdictions."[34]  It has long been acknowledged that "[f]ew issues of Texas law have created more confusion or spawned more appellate litigation than the treatment of 'no evidence' and 'insufficient evidence' points of error" in civil cases.[35]  The difficulty in distinguishing these two types of claims–which require dramatically different results–is that appellate courts have little guidance except their own intuition to guide them.[36]

*1.     The "five zone" review for legal and factual sufficiency.*

Traditionally, Texas appellate courts have employed a five-zone review of civil

---

> trial judge might not have reached the same conclusion as the jury, and even though appellate judges are closely divided on the issue whether there was sufficient evidence to support a conviction.

*Id.* at 362-63 (citations omitted).  The United States Supreme Court trusts juries when they reach a rational verdict even though those same justices, the individual trial judge, or appellate judges may be closely divided on the issue of whether they believe there was sufficient evidence to support a conviction.

[34] W. Wendall Hall & Mark Emery, *The Texas Hold Out: Trends in the Review of Civil and Criminal Jury Verdicts*, 49 S. TEX. L. REV. 539, 540 (2008).

[35] William Powers, Jr. & Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence,"* 69 TEX. L. REV. 515, 516 (1991).

[36] *Id.* at 525.

verdicts when the burden of proof at trial is that of "preponderance of the evidence."[37]  In his

much cited law review article, Justice Calvert distinguished those five zones and defined

them.[38]

2.      *Zone 1–"no evidence."*

Zone 1 is the "no evidence" zone, similar to the old legal sufficiency standard rejected

by the Supreme Court in *Jackson* for criminal cases.  A "no evidence" challenge by the party

without the burden of proof in a civil case may be sustained only when:

- There is a complete lack of evidence of some element of a claim or defense;

- The evidence offered at trial is inadmissible under the rules of law or of evidence and thus cannot be given any evidentiary value on appeal;

- There is no more than a "mere scintilla" of evidence to prove some essential fact of either the claim or defense;[39] or

---

[37] *See id.* at 517-18 (discussing and using the concept of "a five zoned spectrum, with the strength of the proponent's evidence increasing in each successive zone").

[38] One might visualize these five zones as laid out on an imaginary football field, starting from the left-hand goal line of the party with the burden of proof.  Zone 1, the "no evidence" zone, starts at this goal line and, as the evidence supporting a vital fact or claim steadily increases, the zones march down the field until zone 5, "conclusive evidence," which is at the opposing party's goal line.   The 50 yard line would roughly correspond to the line which must be crossed by the party with the burden of proof by the "preponderance of the evidence," leaving a "zone of reasonable disagreement" on either side of the midline.

[39] Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 363 (1960).  Justice Calvert explained the scintilla rule as follows:
[W]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is, in legal effect, no evidence, and will not support a verdict or judgment.  The scintilla rule cannot apply when there is direct evidence of a vital fact; it applies only when the vital fact must be inferred from other relevant facts and circumstances which are proved.  If the inference is not a reasonable one a "no evidence" point should be

- The evidence conclusively demonstrates the opposite of the essential fact.[40]

If the appellate court finds "no evidence" to support the verdict, the evidence is legally insufficient, and the opponent is entitled to a judgment in his favor as a matter of law.[41]

3.     *Zone 2–"factually insufficient evidence."*

In zone 2, the party with the burden of proof has offered some evidence in support of his claim or defense and the case is allowed to go to the jury for a verdict. But the evidence supporting the jury's verdict, while more than a "mere scintilla," is slim indeed.[42] In this scenario, the appellate court may find that it is "factually insufficient," but it must carefully set out all of the evidence supporting the verdict and explain why the evidence is nonetheless

---

sustained. It follows that "no evidence" points based on the scintilla rule require a careful analysis of the facts proved for the purpose of determining whether the vital fact may be reasonably inferred.

*Id.* (footnotes omitted).

[40] *Id.* at 362-63; *see also Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997); WILLIAM V. DORSANEO, III, et al., TEXAS LITIGATION GUIDE § 146.03[6][e][ii][A] (2007).

[41] *Havner*, 953 S.W.2d at 730. Justice Calvert explained that, in deciding "no evidence" points, the appellate court views the evidence in the light most favorable to the verdict and considers only that evidence and inferences that support the verdict while ignoring all evidence and inferences that are contrary to the verdict. Calvert, 38 TEX. L. REV. at 364.

[42] According to Justice Calvert, "if the evidence supporting the finding is so uncertain, inconsistent, improbable, or unbelievable that, although constituting some evidence of probative force when considered in its most favorable light in support of the finding, it would nevertheless be clearly unjust to permit the judgment to stand." Calvert, 38 TEX. L. REV. at 367. Justice Calvert appropriately viewed the evidence "in its most favorable light in support of the finding" in assessing factual sufficiency; he did not view it in a "neutral light." I have found no Texas Supreme Court case that has viewed the evidence "in a neutral light" when addressing factual sufficiency claims.

insufficient.[43]  This challenge is always brought by the party without the burden of proof.[44]

The rationale for allowing the party (who prevailed at trial but was found by the appellate

court to have produced insufficient evidence) to try again in a second trial is "that there is

available to the appellee other evidence of the vital fact which will support a finding in his

favor and it would work an injustice to cut off his right to produce it."[45]  The appellate court

assumes that the party who had the burden of proof and who originally prevailed may be able

to produce additional evidence at a second trial, evidence that he failed to offer at the first

trial.[46]

4.      *Zone 3–"zone of reasonable disagreement."*

Zone 3, the zone of reasonable disagreement, is the great middle ground, in which a

verdict will be upheld for either the party with the burden of proof or the opposing party as

---

[43] Justice Calvert explains that, in this zone 2 scenario, the appellate court may not find that the evidence is "against the great weight and preponderance of the evidence because there is no evidence of the nonexistence of the fact."  Calvert, 38 TEX. L. REV. at 366.  That is, when reviewing an "insufficient evidence" point, the appellate court looks only to the evidence that supports the vital fact and determines that this evidence is simply too meager to support a finding of its existence by a preponderance of the evidence.  *Id.*

[44] *See* note 49 *infra.*

[45] *Id.* at 370.

[46] *Id.* ("By producing the evidence on retrial the party has fair assurance that a finding of the existence of the vital fact will be permitted to stand.").  Strangely, this same rule does not apply for legally insufficient evidence because "[p]resumptively, at least, all of the evidence available to the appellee has been introduced."  *Id.*  Justice Calvert did not explain why a party who produced no evidence of a vital fact at the first trial is not entitled to a second bite at the apple, while a party who offered some, but factually insufficient, evidence would be able to produce more evidence and thus is entitled to a second bite at the apple.

there is conflicting evidence or inferences on either side of the vital fact issue or issues, but the jury's verdict is reasonable and does not "shock the conscience," nor it is not so "clearly unjust" to indicate obvious bias.[47]

5.     *Zone 4–"great weight and preponderance."*

In zone 4, the party with the burden of proof has offered significant evidence to support the claim or defense; the great weight and preponderance of the credible evidence supports his position.[48]  However, the jury has returned a verdict in favor of the opposing party–the party without the burden of proof.  In this scenario, the party with the burden of

---

[47] *Id.*

[48] Texas courts usually use the short-hand term "great weight of the evidence," but the Texas Supreme Court occasionally reiterates that it is, in reality, the great weight of the *credible* evidence that it is referring to.  Quality, not mere quantity, has been its historical determining factor.  *See, e.g., Dawson v. St. Louis Expanded Metal Fireproofing Co.*, 61 S.W. 118, 119 (Tex. 1901) ("It was within the power of [the court of civil appeals] to disregard a finding of fact by the jury if contrary to the great weight of the credible testimony, and in effect to set aside the finding and to remand the cause, and we understand them to mean that under the facts as found by them under the evidence, there was no negligence."); *McDonald v. New York Cent. Mut. Fire Ins. Co.*, 380 S.W.2d 545, 548 (Tex. 1964) ("[T]he insured does not raise in the Court of Civil Appeals the point of 'insufficient evidence' to support the jury findings or the point that the findings are against 'the great weight and preponderance' of the credible evidence"); *Darryl v. Ford Motor Co.*, 440 S.W.2d 630, 633 (Tex. 1969) ("Nowhere in the amended motion for new trial did the respondent, Ford Motor Company, state that the evidence supporting the jury answers to any specific special issue was either insufficient or against the great weight of the credible evidence"); *see also In Re G.A.T.,* 16 S.W.3d 818, 829 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("The evidence shows that the verdict was not contrary to the great weight of the credible evidence."); *Town & Country Mobile Homes, Inc. v. Bilyeu*, 694 S.W.2d 651, 656 (Tex. App.—Fort Worth 1985, no writ) ("In considering an 'insufficient evidence' point, we must remain cognizant of the fact that it is for the jury, as the trier of fact, to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony.  This Court may not substitute its judgment for that of the jury if the challenged finding is supported by some evidence of probative value and is not against the great weight and preponderance of the evidence.") (citation omitted).

proof may challenge the result, claiming that the verdict is "against the great weight and preponderance of the evidence."[49]   In this "against the great weight and preponderance" scenario, all of the evidence, both pro and con, is set out, and the appellate court must explain why the verdict is against the great weight and preponderance of the evidence.[50]

6.     *Zone 5–"conclusive evidence."*

At the opposite end of the spectrum from zone 1 is zone 5–"conclusive evidence"– in which the party with the burden of proof has established conclusively, or as a matter of law, that he is entitled to a judgment in his favor because the opponent has offered no

---

[49] *See* William Powers, Jr. & Jack Ratliff, 69 TEX. L. REV. at 518-19 ("When the evidence falls into zone 2, the proper terminology is that there is 'insufficient evidence' or 'factually insufficient evidence' to support an affirmative finding.  In zone 4, the clearest terminology is that a finding contrary to the evidence is against the "great weight and preponderance of the evidence," although this terminology is occasionally (and we think confusingly) used to refer to evidence in zone 2.  Despite the differences between zones 2 and 4, attacks on jury findings in these zones are usually called 'factual sufficiency' points.  The preferred terminology has the proponent [the party with the burden of proof] claim that an unfavorable (negative) finding should be set aside because it is 'contrary to the great weight and preponderance of the evidence,' and has the opponent [the party without the burden of proof] claim that an unfavorable (affirmative) finding was based on 'insufficient evidence.'") (footnotes omitted); *see also* DORSANEO, TEXAS LITIGATION GUIDE § 146.03[6][e][ii][C] ("A party who attacks the factual sufficiency of an adverse finding on an issue on which the party has the burden of proof must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence.").

[50] *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) ("In order that this court may in the future determine if a correct standard of review of factual insufficiency points has been utilized, courts of appeals, when reversing on insufficiency grounds, should, in their opinions, detail the evidence relevant to the issue in consideration and clearly state why the jury's finding is factually insufficient or is so against the great weight and preponderance as to be manifestly unjust; why it shocks the conscience; or clearly demonstrates bias.  Further, those courts, in their opinions, should state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict.  It is only in this way that we will be able to determine if the requirements of *In Re King's Estate* [244 S.W.2d 660 (Tex. 1951)], have been satisfied.").

evidence in opposition and the proponent has offered sufficient evidence of the vital fact or claim.

7.     *The Texas Supreme Court's Reformulation of Legal Sufficiency.*

Although this five-zone theory has been the traditional formulation of civil legal and factual sufficiency standards in civil cases, in 2005, the Texas Supreme Court articulated a new formulation of the test for legal sufficiency review in *City of Keller v. Wilson*:[51]

> The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. Whether a reviewing court begins by considering all the evidence or only the evidence supporting the verdict, legal-sufficiency review in the proper light must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not.[52]

Thus, when reasonable jurors could resolve conflicting evidence either way, an appellate court must assume that jurors resolved all such conflicts in accord with their verdict, and when the evidence supports conflicting inferences, the court must assume that jurors made all inferences in favor of the verdict and disregard other possible inferences.[53] "If the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then jurors must be allowed to do so. A reviewing court cannot substitute its judgment for that of the trier-of-fact, so long as the evidence falls within this zone of

---

[51] 168 S.W.3d 802 (Tex. 2005).

[52] *Id.* at 827.

[53] *See id.* at 818-21.

reasonable disagreement."[54]  The appellate court does not view the evidence in a neutral light, but rather "in the light favorable to the verdict,"[55] just as is done in criminal cases under *Jackson* and in Texas civil cases under a factual sufficiency review.  Under this formulation, zone 3 (the zone of "reasonable disagreement") would seem to have increased considerably in size, while zones 2 and 4 (those of "factual insufficiency" and "against the great weight and preponderance") have diminished as a verdict that is outside the zone of reasonable disagreement would seem to be within the zone of legally insufficient evidence.[56]

Some commentators have noted that this new formulation of legal sufficiency has virtually merged the Texas legal sufficiency standard with that of factual sufficiency in civil cases.[57]  And it has brought Texas civil standards "more closely in line with federal standards

---

[54] *Id.* at 822 (footnote omitted).  In *City of Keller*, the Supreme Court also described three kinds of evidence that *must* be disregarded when conducting a legal sufficiency analysis: (1) credibility evidence; (2) conflicting evidence; and (3) conflicting inferences.  *Id.* at 819-22.  Thus, witness credibility in civil cases, as in criminal cases, is solely the prerogative of the factfinder.  An appellate court may not discount a witness's testimony as being, in its view, less credible than another witness's. Furthermore, the appellate court may not choose between two conflicting inferences if the evidence would reasonably support either one.  "It is widely recognized that one of the most important attributes of the right to jury trial is the ability of juries to draw, from circumstantial evidence, inferences that cannot be set aside or second-guessed by reviewing courts merely because the reviewers would have reached a different factual conclusion."  William V. Dorsaneo, III, *Changing the Balance of Power: Juries, the Courts, and the Legislature*, PRACTICE BEFORE THE SUPREME COURT 5 (State Bar of Texas 2004).

[55] *City of Keller*, 168 S.W.3d at 807.

[56] *See City of Keller*, 168 S.W.3d at 827-28 ("'The rule as generally stated is that if reasonable minds cannot differ from the conclusion that the evidence lacks probative force it will be held to be the legal equivalent of no evidence.'") (quoting Calvert, 38 TEX. L. REV. at 364).

[57] *See* W. Wendall Hall & Mark Emery, 49 S.TEX. L. REV. at 559 ("Some may conclude that *City of Keller* only addresses legal sufficiency challenges, but the reasonable juror standard seems to make the distinction between legal and factual sufficiency mean little."); *id.* at 562

for legal sufficiency review."[58]   These commentators argue that the language of the "reasonable juror" standard "provides a cloak for the reasoning of judges, rather than precision in reasoning."[59] They contend that the *City of Keller* standard "leaves considerable leeway for an appellate court to intercept a jury's verdict when it feels motivated to do so."[60] These commentators complain that the "reasonable juror" standard is too flexible and subjective,[61] apparently preferring the purportedly more objective standard of "shocks the conscience" or "manifestly unjust."  One can certainly agree with their ultimate conclusion however, that appellate courts should make "a firm rededication to a jurisprudence of restraint and standards of review that recognize the fundamental right to trial by jury and a concomitant hard-minded application of standards of review."[62]  Particularly in Texas, the most jury-deferential state in the nation,[63] appellate courts must defer to a "reasonable" jury

---

(noting that under the *City of Keller* "reasonable and fair-minded juror" standard, the Supreme Court may avoid the "yo-yo effect" of reversing and remanding cases for factual insufficiency review and instead render judgment because the verdict is unreasonable and therefore the evidence is legally insufficient).

[58] *Id.* at 556.

[59] *Id.* at 600.

[60] Lonny S. Hoffman, *Harmar and the Ever-Expanding Scope of Legal Sufficiency Review*, 49 S. TEX. L. REV. 611, 614 (2008).

[61] *Id.*

[62] *See* W. Wendall Hall & Mark Emery, 49 S. TEX. L. REV. at 610.

[63] *See Watson*, 204 S.W.3d at 429 n.47 (Cochran, J., dissenting); *see also* William Powers, Jr., *Judge and Jury in the Texas Supreme Court*, 75 Tex. L. Rev. 1699, 1699 n.3 (1997) ("A hallmark of [the] entire body of law [regarding legal and factual sufficiency claims in civil cases] however, is extraordinary deference to juries.").

verdict in both civil and criminal cases.

**D.      The Criminal Legal Sufficiency Standard Cannot Be Harmonized with the Civil Factual Sufficiency Standard.**

*1.      Clewis is a chimera.*

In *Clewis*, this Court attempted to superimpose the five-zone civil standard of review, predicated upon trials in which the burden of proof is by a preponderance of the evidence upon the two-zone criminal standard of review that requires proof beyond a reasonable doubt.[64]  Visualizing the five-zone civil standard ("no evidence," "insufficient evidence," "zone of reasonable disagreement," "the great weight and preponderance of the evidence," and "conclusive evidence") as a football field with the "no evidence" zone at one end and with each zone comprised of an ever greater quantum of evidence offered by the party with the burden of proof until the "conclusive evidence" zone at the other end, reviewing courts are required to uphold as factually sufficient any verdict in favor of the party with the burden of proof that is at least within the third zone, that of reasonable disagreement.  But in assessing the legal sufficiency of evidence in a criminal case, the State's evidence must be persuasive enough to almost make a touchdown; reaching the midfield is never enough to meet the "beyond a reasonable doubt" standard.

In a civil case, if the jury returns a verdict in favor of the party that did not have the burden of proof (usually the defendant), but that verdict is determined by the appellate court to be against the great weight and preponderance of the evidence offered by the party that did

---

[64] *See Clewis*, 922 S.W.2d at 129.

have the burden of proof (usually the plaintiff), then the appellate court may reverse the judgment and remand for a new trial. This gives the plaintiff a second opportunity to prove his case before a new jury, after the first jury had rejected his claim although he had originally produced "the great weight and preponderance of the evidence" to support its claim. That scenario would not generally arise[65] in criminal cases because if the jury returns a verdict favoring the party without the burden of proof (the defendant), there will be no appeal because the State may not appeal an acquittal.

Similarly, if the party with the burden of proof in a civil trial (usually the plaintiff) obtains a jury verdict in its favor, but an appellate court determines that there is insufficient evidence, even when viewed in the light most favorable to the verdict,[66] to reach "the zone of reasonable disagreement," then the appellate court may reverse the jury verdict and remand for a new trial. That scenario also would not arise in criminal cases because if the State's evidence is so weak in strength, character, and credibility that it does not reach the level of "the zone of reasonable disagreement," then it most assuredly does not meet the "beyond a reasonable doubt" standard of legal sufficiency required in all criminal cases. Such a lack of evidentiary support is not merely factually insufficient, it is legally insufficient, and the defendant cannot be required to undergo a second trial.

What this Court did in *Clewis* was adopt the language of Texas civil factual

---

[65] This situation does arise in those instances in which the defendant bears the burden of production and persuasion for affirmative defenses. *See* note 67 *infra*.

[66] *See* note 42 *supra*.

sufficiency review without first determining whether there was a proper fit between those civil standards of review and the differing evidentiary standards of proof in civil and criminal cases. This mistake was quite understandable when *Clewis* was decided in 1996 because this Court had recently and properly adopted the Texas civil standards of legal and factual sufficiency for those few instances in criminal cases in which the burden of proof is a preponderance of the evidence, as occurs with affirmative defenses.[67] But as appellate courts attempted to reconcile the five-zone civil factual-sufficiency standards with the heightened burden of proof in criminal cases in which the State is required to prove every element beyond a reasonable doubt, we began to realize that this civil standard of review did not align with the criminal burden of proof. And we tinkered and tinkered with various reformulations of this "factual sufficiency" standard of review in criminal cases in a vain attempt to harmonize them.[68]

---

[67] *See, e.g., Meraz v. State*, 785 S.W.2d 146, 154 (Tex. Crim. App. 1990) (applying the civil standards of factual review of "against the great weight and preponderance of the evidence" in a case in which the defendant appealed the jury's rejection of his plea of incompetence because the defendant had the burden to prove incompetence by a preponderance of the evidence); *Bigby v. State,* 892 S.W.2d 864, 875 (Tex. Crim. App. 1994) (applying the civil standards of factual review because defendant had both the burden of production and persuasion for his affirmative defense of insanity).

[68] *See Jones v. State*, 944 S.W.2d 642, 647-49 (Tex. Crim. App. 1996) (deciding that a factual-sufficiency review requires the appellate court to review all of the evidence, not just the evidence that supports a verdict; rejecting capital murder defendant's factual sufficiency claim because there was conflicting evidence of whether he intended to shoot the murder victim); *Cain v. State*, 958 S.W.2d 404, 407-09 (Tex. Crim. App. 1997) (reversing lower court's holding of factual insufficiency because that court failed to defer to the jury's determination of witness credibility); *Johnson v. State*, 23 S.W.3d 1, 5-8 (Tex. Crim. App. 2000) (upholding lower court's finding of factual insufficiency based on witness's express lack of certainty, but reminding appellate court that, "[u]nless the available record clearly reveals a different result is appropriate,

*2.*      Clewis *and* Watson *relied upon a false premise that evidence should be viewed in a neutral light when conducting a factual sufficiency review.*

In *Watson v. State*,[69] we stated that the only difference between a factual-sufficiency review and a legal-sufficiency review is that, under the former, an appellate court should view the evidence in a neutral light, rather than in the light most favorable to the verdict.[70] But it is a strange distinction that ignores the quality or credibility of evidence, and it is one that has never been a part of Texas factual-sufficiency review in civil cases.[71] Instead, it was

---

an appellate court must defer to the jury's determination concerning what weight to give contradictory testimonial evidence because resolution often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered."); *Goodman v. State*, 66 S.W.3d 283, 285-86 & n.5 (Tex. Crim. App. 2001) (attempting to follow Justice Calvert's five-zone analysis of factual insufficiency in civil cases and stating that, only when the evidentiary scales tip "radically" toward a negative finding on an essential element may the reviewing court exercise any "thirteenth juror" role and conclude that the jury's verdict is "clearly wrong"); *Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003) (reiterating the importance of giving deference to the factfinder's credibility and weight determinations); *Zuniga v. State*, 144 S.W.3d 477, 483-84 (Tex. Crim. App. 2004) (recognizing that the different civil and criminal standards of proof are an important source of confusion in any attempt to review criminal convictions for factual sufficiency; "Once again, the preponderance-of-the-evidence language creeps into a factual-sufficiency review where the burden of proof at trial was beyond a reasonable doubt.  And, the Court's statement that the reviewing court must use both standards is confusing.").

[69] 204 S.W.3d 404 (Tex. Crim. App. 2006).

[70] *Id.* at 415.

[71] I am unable to find any Texas Supreme Court case that even mentions the word "neutral" in relation to a factual sufficiency review.  In *In re King's Estate*, 244 S.W.2d 660, 661 (Tex. 1951), the Supreme Court set out the applicable standard for reviewing "great weight and preponderance" complaints.  The court of appeals must "consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial, if it thus concludes that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust-this, regardless of whether the record contains some 'evidence of probative force' in support of the verdict.  The evidence supporting the verdict is to be weighed along with the other evidence in the case, including that which is contrary to the verdict." *Id.* at 664-65

created by the Austin Court of Appeals in *Stone v. State*,[72] and simply imported, without

further analysis, into this Court's decision in *Clewis*. Indeed, in *Lancon v. State*,[73] a post-

*Watson* decision in 2008, we again rejected the "neutral" light analysis and held that it is the

jury's sole prerogative to make credibility decisions. Appellate courts must defer to those

credibility assessments; they may not view all conflicting witness testimony as equally

---

(citation omitted). There is nothing in this case, or any other Texas Supreme Court case, that suggests that all of the evidence must be viewed "neutrally," as if the sheer quantity of evidence were the only criterion for factual sufficiency. How extraordinary if the jury's verdict should be held to be "against the great weight and preponderance of the evidence" if seven gang members testified that their fellow gang-member defendant was with them the night of the murder while only two nuns testified that they saw the defendant commit the murder. Any jury is entitled to disbelieve the seven gang members and credit the two nuns.

[72] 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd). In *Stone*, the court of appeals stated:

> When the court of appeals conducts a factual-sufficiency review, the court does not ask if any rational jury, *after viewing the evidence in the light most favorable to the prosecution,* could have found the essential elements of the crime beyond a reasonable doubt. Factual-sufficiency review begins with the presumption that the evidence supporting the jury's verdict was legally sufficient, i.e., *constitutionally* sufficient for the purposes of the Due Process Clause of the Fourteenth Amendment. Rather, the court views all the evidence without the prism of "in the light most favorable to the prosecution." Because the court is not bound to view the evidence in the light most favorable to the prosecution, it may consider the testimony of defense witnesses and the existence of alternative hypotheses. The court should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

*Id.* The court of appeals then cited *Cain v. Bain,* 709 S.W.2d 175, 176 (1986), and *In re King's Estate,* 244 S.W.2d 660, 661 (Tex. 1951), but neither of these cases said anything about viewing the evidence "in a neutral light" or "without the prism of 'in the light most favorable' to the party with the burden of proof. They spoke only of reviewing *all* of the evidence when determining whether the verdict was "against the great weight and preponderance of the evidence." And that is precisely what is required under the *Jackson* legal sufficiency review: an examination of *all* of the evidence, but in the light most favorable to the jury's verdict because the jury, not the appellate court, was the chosen factfinder.

[73] 253 S.W.3d 699 (Tex. Crim. App. 2008).

credible.[74]  Witnesses are not fungible, some are credible and some are not.  Neither juries nor appellate courts must tally up the number of witnesses "neutrally" and then base a sufficiency decision on the greater number.

In sum, we have never been successful in our attempts to superimpose the five-zone civil standards for sufficiency review on top of the constitutionally mandated legal sufficiency review of a criminal conviction.  These two standards of review depend upon their distinctly different burdens of proof.  Like oil and water, they do not mix.  They are not logically consistent, and they promote only confusion and conflation of two distinct concepts.  We are required to follow the heightened *Jackson* legal sufficiency formulation; we cannot follow a lesser factual sufficiency formulation.

I agree that it is time to consign the civil-law concept of factual sufficiency review in criminal cases to the dustbin of history.

Filed: October 6, 2010
Publish

---

[74] *Id.* at 705 (noting that factual insufficiency claim cannot be based on contradictory and inconsistent witness testimony because "the jury is the sole judge of what weight to give such testimony. . . .  Appellate courts should afford almost complete deference to a jury's decision when that decision is based upon an evaluation of credibility.").